**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ASTRAZENECA AB,<br>ASTRAZENECA PHARMACEUTICALS LP,<br>AND NEKTAR THERAPEUTICS | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | |
| APOTEX INC., AND APOTEX CORP., | ) ) | |
| Defendants. | ) ) ) ) | |

## COMPLAINT

Plaintiffs AstraZeneca AB, AstraZeneca Pharmaceuticals LP and Nektar Therapeutics ("Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

1.     This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code that arises out of the filing, made by Apotex Inc. and Apotex Corp. (collectively, "Apotex"), of an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of MOVANTIK® (naloxegol) in tablet form in doses of 25 mg and 12.5 mg ("Movantik"), prior to the expiration of U.S. Patent No. 9,012,469 ("the '469 patent").

2.     Movantik is an opioid antagonist indicated for the treatment of opioid-induced constipation in adult patients with chronic non-cancer pain, including patients with chronic pain related to prior cancer or its treatment who do not require frequent (e.g., weekly) opioid dosage escalation.

3. Apotex notified Plaintiff AstraZeneca AB, Plaintiff Nektar Therapeutics, AstraZeneca LP, Plaintiff AstraZeneca Pharmaceuticals LP, and AstraZeneca PLC, by letter dated November 5, 2018 ("Apotex's Notice Letter") that it had submitted to the FDA ANDA No. 212534 ("Apotex's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic "Naloxegol Tablets, 25 mg and 12.5 mg," ("Apotex's ANDA Product") prior to the expiration of the '469 patent.

4. Upon information and belief, Apotex's ANDA Product is a drug product that is a generic version of Movantik, containing the same or equivalent ingredients in the same or equivalent amounts.

## PARTIES

5. Plaintiff Astrazeneca AB is a public limited liability company organized under the laws of Sweden with its principal place of business at Karlebyhus, Astraallén, Södertälje, S-151 85, Sweden.

6. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware, 19850. AstraZeneca Pharmaceuticals LP is the holder of approved New Drug Application No. 204760, directed to Movantik, and sells and distributes Movantik in the United States.

7. Plaintiff Nektar Therapeutics is a corporation organized under the laws of Delaware with its principal place of business at 455 Mission Bay Boulevard South, San Francisco, California, 94158.

8. Upon information and belief, defendant Apotex Inc. is a corporation organized and existing under the laws of Canada with its principal place of business at 150

2

Signet Drive, Toronto, Ontario, Canada M9L 1T9.  Upon information and belief, Apotex Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Apotex Corp.

9.      Upon information and belief, defendant Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.   Upon information and belief, Apotex Corp. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

10.      Upon information and belief, Apotex Corp. is a wholly owned subsidiary of Apotex Inc.  Apotex Inc. and Apotex Corp. are collectively referred to herein as "Apotex."

11.      Upon information and belief, Apotex Inc. and Apotex Corp. acted in concert to prepare and submit Apotex's ANDA to the FDA.

## JURISDICTION

12.      Jurisdiction is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

13.      This Court has personal jurisdiction over each of Apotex Inc. and Apotex Corp.

14.      Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, Apotex Inc., itself and through its wholly-owned subsidiary Apotex Corp., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Apotex Inc., itself and through its subsidiary Apotex Corp., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of

3

ME1 28853979v.2

Delaware and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, Apotex Inc. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls and dominates Apotex Corp. and therefore the activities of Apotex Corp. in this jurisdiction are attributed to Apotex Inc.

15. Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, Apotex Corp. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

16. Upon information and belief, Apotex Inc. and Apotex Corp. know and intend that upon approval of Apotex's ANDA, Apotex Inc. will manufacture Apotex's ANDA Product and Apotex Corp. will directly or indirectly market, sell, and distribute Apotex's ANDA Product throughout the United States, including in Delaware. Upon information and belief, Apotex Inc. and Apotex Corp. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Apotex's ANDA Product, and enter into agreements with each other that are nearer than arm's length. Upon information and belief,

4

Apotex Corp. participated in, assisted, and cooperated with Apotex Inc. in the acts complained of herein.

17.    Upon information and belief, following any FDA approval of Apotex's ANDA, Apotex Inc. and Apotex Corp. will act in concert to distribute and sell Apotex's ANDA Product throughout the United States, including within Delaware.

18.    Apotex has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

19.    Upon information and belief, Apotex, with knowledge of the Hatch-Waxman Act process, directed Apotex's Notice Letter to, *inter alia*, AstraZeneca Pharmaceuticals LP and AstraZeneca LP, to addresses in Delaware, and alleged in Apotex's Notice Letter that the '469 patent is invalid and/or will not be infringed by the commercial manufacture, use or sale of the Apotex's ANDA Product.  Upon information and belief, Apotex knowingly and deliberately challenged the '469 patent knowing that when it did so that it was triggering a forty-five day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

20.    Because AstraZeneca Pharmaceuticals LP is a limited partnership organized in Delaware, it suffers injury and consequences from Apotex's filing of Apotex's ANDA, challenging the '469 patent in Delaware.  Upon information and belief, Apotex knew that it was deliberately challenging the patent rights of at least one Delaware entity and seeking to invalidate intellectual property held in Delaware.  Apotex has been a litigant in connection

ME1 28853979v.2

with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Apotex's Notice Letter to a Delaware corporation, that it would be sued in Delaware for patent infringement.

21. This Court has personal jurisdiction over Apotex because Apotex Inc. and Apotex Corp. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Novartis Pharma. Corp. v. Apotex Inc.*, No. 18-1038-LPS, D.I. 9 (D. Del. Aug. 8, 2018) (Apotex Inc. and Apotex Corp.); *Vanda Pharma. Inc. v. Apotex Inc.*, No. 18-689-CFC (D. Del. July 13, 2018) (same); *Bial-Portela & CA., S.A. v. Apotex Inc.*, No. 18-382-CFC, D.I. 11 (D. Del. May 31, 2018) (same); *Onyx Therapeutics, Inc. v. Apotex Inc.*, No. 18-132-LPS, D.I. 10 (D. Del. Feb. 26, 2018) (same).

22. Upon information and belief, if Apotex's ANDA is approved, Apotex will directly or indirectly manufacture, market, sell, and/or distribute Apotex's ANDA Product within the United States, including in Delaware, consistently with Apotex's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Apotex regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Apotex's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Apotex's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial

6

effect within Delaware and would constitute infringement of the '469 patent in the event that Apotex's ANDA is approved before the patent expires.

23. Upon information and belief, Apotex derives substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Apotex and/or for which Apotex Inc. or Apotex Corp. is the named applicant on approved ANDAs. Upon information and belief, various products for which Apotex Inc. or Apotex Corp. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

## **VENUE**

24. Venue is proper in this district for Apotex Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia,* Apotex Inc. is a corporation organized and existing under the laws of Canada and is subject to personal jurisdiction in this judicial district.

25. Venue is proper in this district for Apotex Corp. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

ME1 28853979v.2

## THE '469 PATENT

26.    Plaintiffs incorporate each of the preceding paragraphs 1–25 as if fully set forth herein.

27.    The inventors named on the '469 patent are Bengt Leonard Aslund, Carl-Johan Aurell,  Martin Hans Bohlin, Eric Thomas Healy, David Richard Jensen, David Thomas Jonaitis, Stephan Parent, Tesfai Sebhatu, and Bo Ingvar Ymen  (collectively, "the Named Inventors").

28.    The '469 patent, entitled "Crystalline Naloxol-Peg Conjugate," (Exhibit A hereto), was duly and legally issued on April 21, 2015, to AstraZeneca AB and Nektar Therapeutics as assignees of the Named Inventors.

29.    The '469 patent claims, *inter alia*, a crystalline oxalate salt of mPEG$_7$-O-naloxol, certain naloxol-polyethylene glycol conjugate oxalate salts, methods of producing them, and compositions comprising them.

30.    Plaintiffs are assignees of the '469 patent, and have the right to enforce the '469 patent.

31.    Movantik, and methods of producing Movantik, are covered by one or more claims of the '469 patent.

32.    The '469 patent has been listed in connection with Movantik in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

33.    Plaintiffs will be substantially and irreparably damaged by infringement of the '469 patent.

ME1 28853979v.2

## COUNT I – APOTEX'S INFRINGEMENT OF THE '469 PATENT

34.    Plaintiffs incorporate each of the preceding paragraphs 1–33 as if fully set forth herein.

35.    In Apotex's Notice Letter, Apotex notified Plaintiffs that it had submitted Apotex's ANDA to the FDA.  The purpose of the submission of the ANDA was to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Apotex's ANDA Product prior to the expiration of the patent-in-suit.

36.    In its Notice Letter, Apotex also notified Plaintiffs that, as part of its ANDA, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '469 patent.  Upon information and belief, Apotex submitted its ANDA to the FDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '469 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product.

37.    Apotex's ANDA Product, and the manufacture and/or use of Apotex's ANDA Product, are covered by one or more claims of the '469 patent, including at least the following:  claims 1, 2, 4–6, and 8–14.

38.    In its Notice Letter, Apotex did not contest infringement of claims 1, 2, 4–6, and 8–14 of the '469 patent.

39.    Apotex has knowledge of the '469 patent.

40.    Apotex's submission of its ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its

9

ME1 28853979v.2

ANDA Product before the expiration of the '469 patent was an act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A).

41.     Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of its ANDA Product immediately and imminently upon approval of its ANDA and expiration of any other Orange Book-listed patent or relevant exclusivity for the Movantik product.

42.     The manufacture, use, sale, offer for sale, or importation of Apotex's ANDA Product would infringe one or more claims of each of the '469 patent, including at least the claims listed in above paragraph 37.

43.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Apotex's ANDA Product in accordance with, and as directed by Apotex's proposed product labeling would infringe one or more claims of each of the '469 patent, including at least the claims listed in above paragraph 37.

44.     Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '469 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

45.     Upon information and belief, Apotex knows that Apotex's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '469 patent, that Apotex's ANDA Product is not a staple article or commodity of commerce, and that Apotex's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.    Upon information and belief, Apotex plans and intends to, and will, contribute to infringement of the '469 patent immediately and imminently upon approval of Apotex's ANDA

10

and expiration of any other Orange Book-listed patent or relevant exclusivity for the Movantik product.

46.     Notwithstanding Apotex's knowledge of the claims of the '469 patent, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Apotex's ANDA Product with its product labeling following upon FDA approval of Apotex's ANDA and prior to the expiration of the '469 patent.

47.     The foregoing actions by Apotex constitute and/or will constitute infringement of the '469 patent; active inducement of infringement of the '469 patent; and contribution to the infringement by others of the '469 patent.

48.     Upon information and belief, Apotex has acted with full knowledge of the '469 patent and without a reasonable basis for believing that it would not be liable for infringement of the '469 patent; active inducement of infringement of the '469 patent; and/or contribution to the infringement by others of the '469 patent.

49.     Unless Apotex is enjoined from infringing the '469 patent, actively inducing infringement of the '469 patent, and contributing to the infringement by others of the '469 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT BY APOTEX OF THE '469 PATENT

50.     Plaintiffs incorporate each of the preceding paragraphs 1–49 as if fully set forth herein.

51.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Apotex on the other regarding Apotex's infringement, active inducement of infringement, and contribution to the infringement by others of the '469 patent.

ME1 28853979v.2

52.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Apotex's ANDA Product, or any other drug product which is covered by or whose use is covered by one or more of the '469 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, that patent.

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that each claim of the '469 patent has been infringed under 35 U.S.C. § 271(e)(2) by Apotex's submission to the FDA of Apotex's ANDA;

(b)    A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Apotex's ANDA Product, or any other drug product that infringes or the use of which infringes one or more claims of the '469 patent, be not earlier than the expiration of the '469 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Apotex, and all persons acting in concert with Apotex, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Apotex's ANDA Product, or any other drug product covered by or whose use is covered by one or more of the claims of the '469 patent, prior to the expiration of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Apotex's ANDA Product, or any other drug product which is covered by or whose use is covered by one or more of the claims of the '469 patent, prior to its expiration, will infringe, induce the infringement of, and contribute to the infringement by others of, the '469 patent;

ME1 28853979v.2

(e)     A declaration that this is an exceptional case and an award of attorneys'

fees pursuant to 35 U.S.C. § 285;

(f)     Costs and expenses in this action; and

(g)     Such further and other relief as this Court may deem just and proper.


                                        Respectfully submitted,


Dated:  December 18, 2018                 MCCARTER & ENGLISH LLP


                                          /s/ Daniel M. Silver
OF COUNSEL:                               Michael P. Kelly (#2295)
Jessamyn S. Berniker                      Daniel M. Silver (#4758)
Aaron P. Maurer                           Alexandra M. Joyce (#6423)
Sumeet P. Dang                            Renaissance Centre
WILLIAMS & CONNOLLY LLP                   405 N. King Street, 8th Floor
725 Twelfth Street, N.W.                  Wilmington, Delaware 19801
Washington, DC  20005                     (302) 984-6300
(202) 434-5000                            mkelly@mccarter.com
(202) 434-5029 (Facsimile)                dsilver@mccarter.com
                                          ajoyce@mccarter.com

                                          *Attorneys for Plaintiffs AstraZeneca AB,*
                                          *AstraZeneca Pharmaceuticals LP and Nektar*
                                          *Therapeutics*


                                        13

ME1 28853979v.2